Corrected Reprint 8/8/08

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GUILLERMO GARCIA-AGUILAR,
                    *Petitioner,*

v.

UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF CALIFORNIA,
                    *Respondent,*

UNITED STATES OF AMERICA,
        *Real Party in Interest.*

No. 07-70293

D.C. No.
CR-06-00678-LAB

In re: ERICK MANJARREZ-
CERVANTEZ,
                    *Petitioner,*

ERICK MANJARREZ-CERVANTEZ,
                    *Petitioner,*

v.

UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF CALIFORNIA,
                    *Respondent,*

UNITED STATES OF AMERICA,
        *Real Party in Interest.*

No. 07-71177

D.C. No.
CR-05-01913-BEN

In re: FREDIS AVILIO MEJIA-LEMUS,

FREDIS AVILIO MEJIA-LEMUS,
                    *Petitioner,*

            v.

UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF CALIFORNIA,
                    *Respondent,*

UNITED STATES OF AMERICA,
            *Real Party in Interest.*

No. 07-71408

D.C. No.
CR-06-00811-MJL

OPINION

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding
Roger T. Benitez, District Judge, Presiding
M. James Lorenz, District Judge, Presiding

Argued and Submitted
October 17, 2007—Pasadena, California

Filed August 6, 2008

Before: Alex Kozinski, Chief Judge,
M. Margaret McKeown, Circuit Judge, and
Robert E. Jones,* District Judge.

Opinion by Chief Judge Kozinski

*The Honorable Robert E. Jones, Senior United States District Judge
for the District of Oregon, sitting by designation.

## COUNSEL

David J. Zugman and John C. Lemon, San Diego, California, for petitioner Guillermo Garcia-Aguilar.

Zandra L. Lopez, San Diego, California, and Michelle Betancourt, Federal Defenders of San Diego, Inc., San Diego, California, for petitioner Erick Manjarrez-Cervantez.

Zandra L. Lopez, San Diego, California, and Shaffy Moeel, Federal Defenders of San Diego, Inc., San Diego, California, for petitioner Fredis Avilio Mejia-Lemus.

Roger W. Haines, Jr., and Christopher A. Ott, Assistant U.S. Attorneys, San Diego, California, for the United States, the real party in interest.

## OPINION

KOZINSKI, Chief Judge:

We consider the district court's refusal to accept defendants' unconditional guilty pleas.

### Facts

These consolidated cases show again why the ten most terrifying words in the English language may be, "I'm from the government and I'm here to help you." Defendants pled guilty to re-entering the country illegally after having been previously removed, in violation of 8 U.S.C. § 1326. Their guilty pleas were taken by magistrate judges, who conducted the plea colloquies required by Rule 11(b) of the Federal Rules of Criminal Procedure, and who thereafter recommended that the district court accept the pleas.

When the cases came before the district court for acceptance of the pleas, the U.S. Attorney objected on the ground that the magistrate judges had erred in conducting the Rule 11(b) colloquies. The district judges agreed and refused to accept any of the defendants' guilty pleas.

Rule 11(b) is there for the defendant's benefit, so it seems quite noble at first for the U.S. Attorney to stick up for defendants' rights. But this generosity comes at a steep price: The U.S. Attorney has already arraigned defendants on superseding indictments that specifically charge a violation of 8 U.S.C. § 1326(b)(2), which is punishable by twenty years in prison. This is eighteen years more than the two-year maximum sentence available under defendants' original indictments, which did not charge any conduct that could increase the maximum penalty above two years.

Defendants reject the government's help and petition for writs of mandamus directing the district court to accept their unconditional guilty pleas.

**Analysis**

[1] The problem here arises from the fact that the U.S. Attorney failed to allege in defendants' original indictments that they were previously removed from the country after being convicted of a felony. *See* 8 U.S.C. § 1326(b)(2). The U.S. Attorney knew—or should have known—that to be able to rely on this fact in sentencing defendants under section 1326(b)(2), the fact had to be alleged in defendants' indictments and either proven to a jury or admitted. The law was clear on this point: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi* v. *New Jersey*, 530 U.S. 466, 490 (2000); *see United States* v. *Jordan*, 291 F.3d 1091, 1095 (9th Cir. 2002) ("[A]ny fact other than a prior conviction that increases the maximum penalty for a federal crime must also be charged in an indictment."). It should have been obvious to the U.S. Attorney that the *sequence* of a defendant's previous conviction and removal is a fact separate from the prior conviction itself, and must therefore be charged in the indictment and either proven at trial or admitted.

[2] Even if the federal prosecutors in the Southern District of California had all misunderstood *Apprendi*, they should have realized their mistake no later than December 2005, when this precise issue was brought to their attention by defendant's briefs in *United States* v. *Covian-Sandoval*, 462 F.3d 1090 (9th Cir. 2006), which explained convincingly how *Apprendi* applies to this very statute. At that point, the U.S. Attorney likely could have brought superseding indictments alleging the necessary fact. Instead, the prosecutors extracted unconditional guilty pleas to the original indictments.

[3] After the magistrate judges had taken defendants' guilty pleas, we held in *Covian-Sandoval* that defendant's original indictment could not support a sentencing enhancement under

section 1326(b)(2) because the prior removal on which the enhancement was based was not admitted or proven to a jury. *Covian-Sandoval*, 462 F.3d at 1097. Only then did the U.S. Attorney belatedly bring superseding indictments that alleged the necessary fact. But defendants had by then already pled guilty to the original indictments, and the district court "must accept an unconditional guilty plea, so long as the Rule 11(b) requirements are met." *In re Vasquez-Ramirez*, 443 F.3d 692, 695-96 (9th Cir. 2006). It is to extricate itself from this conundrum that the government argued to the district court that defendants' Rule 11(b) colloquies were defective.

**[4]** What, then, was the supposed deficiency in the plea colloquies? According to the government (and the district court), the magistrate judges failed to properly advise defendants of "any maximum possible penalty," as required by Rule 11(b)(1)(h). The magistrate judges did tell defendants that they faced a possible sentence of twenty years, which is the maximum under section 1326(b)(2). The district judges held that the magistrate judges should have told defendants that the maximum possible penalty was just two years because the original indictments don't support the section 1326(b)(2) enhancement. *See Covian-Sandoval*, 462 F.3d at 1097.

**[5]** But Rule 11(b)(1)(h) doesn't require judges to predict the precise maximum penalty at sentencing. *See United States* v. *Barrios-Gutierrez*, 255 F.3d 1024, 1027-28 (9th Cir. 2001) (en banc) ("Whether [a sentencing] enhancement applies as a matter of fact, as a matter of law, or whether its application is merely a possibility are distinctions without significance at a Rule 11 hearing. . . . Rule 11 does not require that the district court announce authoritatively the *actual* maximum sentence at the plea-taking stage."). Instead, the court need only tell defendants the maximum sentence that they could *possibly* face.

**[6]** What constitutes a "possible" sentence under Rule 11 rests on legal possibility, not abstract hypothetical possibility.

It was indeed possible for defendants to receive 20-year sentences. That's what happened to Manuel Salazar-Lopez, who was charged with the same crime as defendants here. *United States* v. *Salazar-Lopez*, 506 F.3d 748 (9th Cir. 2007). Salazar-Lopez's indictment also didn't allege that he had been previously removed after a felony conviction. *Id.* at 750. But, unlike defendants here, Salazar-Lopez chose to stand trial and was convicted. *Id.* Although the government introduced evidence of a prior removal following a felony conviction, the jury never determined that Salazar-Lopez was removed after a felony conviction—no doubt because this allegation was missing from the indictment. *Id.* at 751. Despite this omission, the district court imposed an enhanced sentence under section 1326(b)—which is exactly what the magistrate judges warned defendants could happen to them. On Salazar-Lopez's appeal, we held that the district court erred by applying the section 1326(b) sentencing enhancement, but affirmed the sentence anyway because the error was harmless in light of the "overwhelming and uncontroverted" evidence of the prior removal. *Id.* at 752, 755.

Salazar-Lopez's experience demonstrates that the magistrate judges were right—it was entirely possible that defendants would be subjected to a sentence up to the twenty-year maximum under section 1326(b)(2). Because the plea colloquies were not defective, the district court was required to accept defendants' guilty pleas. *Vasquez-Ramirez*, 443 F.3d at 695-96.

The government tries to distinguish *Vasquez-Ramirez* on the ground that here it supports the district court's actions, while the district judge in *Vasquez-Ramirez* undermined the government's charging decision. *See Vasquez-Ramirez*, 443 F.3d at 697-98. We explained in *Vasquez-Ramirez* that the prosecutor, not the district court, has authority to determine what charges to bring. *Id.* (a judge has "no constitutional role" in deciding "which charges to pursue").

**[7]** The government here had ample opportunity to decide what charges to bring against defendants; it exercised its prosecutorial discretion when it first indicted defendants, then again when it helped extract guilty pleas to those indictments. Acceptance of the guilty pleas that the government helped obtain in no way undermines the government's charging decision; rather, it confirms it. The government now regrets that it failed to charge defendants with violating section 1326(b)(2). But the government has no power to void a knowing, voluntary and unconditional guilty plea so that it can fix its charging error.

**[8]** It's true that the government is free to back out of a plea *agreement* before it is formally accepted by the district court. *United States* v. *Savage*, 978 F.2d 1136, 1138 (9th Cir. 1992). But there was no agreement here: Defendants pled guilty unconditionally. So there was nothing for the government to back out of, and the district court had no cause for rejecting the pleas.

**[9]** The government lost its power to file additional charges the moment defendants pled guilty knowingly, voluntarily and unconditionally before the magistrate judges. Defendants' pleas may not have taken final legal effect at that moment, as defendants remained free to withdraw their pleas. *United States* v. *Alvarez-Tautimez*, 160 F.3d 573, 576 (9th Cir. 1998) (until a guilty plea is formally accepted by a district judge, the defendant remains free to withdraw it for any reason); *see* Fed. R. Evid. 410(1) (withdrawn guilty pleas aren't admissible at trial). But whatever legal significance may attach to a guilty plea taken by a magistrate judge, the plea also carries significant real-world consequences. A defendant's guilty plea is a confession, freely and publicly made, that he is a criminal. This has immediate and enduring effects on the defendant's standing in the community, and for that reason and many others is often an excruciating experience. If the confession meets the requirements of Rule 11(b)— requirements that exist for the defendant's own protection—

then the government has no power to force the defendant to go through the ordeal again to serve its own purposes.

* * *

**[10]** Defendants seek a writ of mandamus compelling the district court to accept their pleas. We consider five factors in deciding whether to issue this writ, *see Bauman* v. *United States Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977), and here all five clearly cut in favor of defendants. As discussed above, defendants have shown clear error by the district court that "manifests a persistent disregard" of both Rule 11(b) and of our holding in *Vasquez-Ramirez*. *Bauman*, 557 F.2d at 654-55. And it appears to be an "oft-repeated error," as three district judges committed the exact same error. *Id.* at 655. Defendants' petitions also raise "new and important" issues regarding district judges' authority to reject guilty pleas heard by magistrate judges. *Id.* And a direct appeal is inadequate to remedy the error, *id.*, because requiring defendants to go to trial on the superseding indictments and obtain a final judgment would require them to suffer "the prejudice of [an] additional, and unnecessary, financial and emotional burden." *Vasquez-Ramirez*, 443 F.3d at 701 (quoting *In re Ellis*, 356 F.3d 1198, 1210-11 (9th Cir. 2004) (en banc)). Mandamus is therefore appropriate.

Due to the U.S. Attorney's oversight, defendants may well avoid the enhanced sentences to which they may have been subject under section 1326(b)(2). "So be it." *United States* v. *Velasco-Heredia*, 319 F.3d 1080, 1087 (9th Cir. 2003). The district court shall accept defendants' unconditional guilty pleas to the original indictments.

**PETITIONS GRANTED.**