**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10259 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00859-FRZ-BPV-1 |
| v. | |
| OSCAR FERNANDO MONROY-REYES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted November 4, 2013
San Francisco, California

Before: KLEINFELD, THOMAS, and RAWLINSON, Circuit Judges.

Appellant Oscar Fernando Monroy-Reyes (Monroy-Reyes) challenges the

district court's *sua sponte* decision to vacate his first guilty plea pursuant to a plea

agreement, and to sentence him to 156 months' imprisonment after a second guilty

plea, without a plea agreement.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court vacated the initial guilty plea to correct an error in the plea agreement that referenced a count that was not included in the charges against Monroy-Reyes, as alleged in the indictment. Monroy-Reyes now argues that the district court's action violated his right to be free from double jeopardy.

Because the double jeopardy claim is raised for the first time on appeal, we review for plain error. *See United States v. Teague*, 722 F.3d 1187, 1190 (9th Cir. 2013). Plain error that warrants relief is (1) error, (2) that is plain, (3) that "affected substantial rights," and (4) that "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

Regardless of how, had an objection been made, we might apply *United States v. Patterson*, 381 F.3d 859 (9th Cir. 2004) and *United States v. Valenzuela-Arisqueta*, 724 F.3d 1290 (9th Cir. 2013), we need not perform that task to resolve this appeal. Under plain error review, the district court's action did not "seriously affect[] the fairness, integrity, or public reputation" of the plea proceedings. *Teague*, 722 F.3d at 1190. Like the defendant in *Valenzuela-Arisqueta*, Monroy-Reyes "continued to have the options of proceeding to trial, pleading guilty, or seeking to negotiate another plea agreement. . . . " 724 F.3d at 1296 (footnote reference omitted).

As noted above, Monroy-Reyes opted to plead guilty a second time, to the correct charge. Correction of the erroneous plea actually bolstered the integrity of the

2

proceedings, thereby foreclosing any viable claim of plain error. *See Perry v. Brown*, 667 F.3d 1078, 1087 (9th Cir. 2012) (emphasizing "the importance of preserving the integrity of the judicial system").

**AFFIRMED.**