**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>DIEGO AVILA SANCHEZ, AKA Diegoa Avila-Sanchez, AKA Diego Sanchez-Avila,<br><br>        Defendant - Appellant. | No. 13-10327<br><br>D.C. No. 2:13-cr-00317-PGR-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Submitted July 9, 2014[**]
San Francisco, California

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

Diego Avila challenges his conviction and sentence for illegal reentry into

the United States under 8 U.S.C. § 1326. We assume the parties are familiar with

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the facts of this case, so we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1. The government concedes that the waiver of Avila's appeal rights contained in the rejected plea agreement is unenforceable, and we agree. *See In re Morgan*, 506 F.3d 705, 713 (9th Cir. 2007).

2. The district court rejected Avila's plea agreement because it believed the sentence was too lenient given Avila's criminal history, the character of the crime, and the need for deterrence. The district court did not reject the agreement in order to independently punish Avila's violation of the terms of supervised release, or because it was "trying to force the government to pursue a charge it [did] not wish to press." *In re Vasquez-Ramirez*, 443 F.3d 692, 698 (9th Cir. 2006). The district court's rejection of the agreement did not improperly invade the Executive Branch's charging authority. *See id.*

3. Avila's guilty plea was voluntary, and he had an adequate opportunity to withdraw his plea under Federal Rule of Criminal Procedure 11(c)(5)(B). The district court confirmed that the plea was freely and voluntarily given. After the district court rejected the plea agreement, the court did not threaten to give Avila a harsher sentence in the event Avila decided to withdraw his guilty plea and ended up being sentenced after a trial. After being given an opportunity to withdraw his

2

guilty plea, Avila opted to proceed. "The amount of time [defendant] had to consider the plea is only relevant if it somehow rendered his plea coerced, and therefore involuntary." *Doe v. Woodford*, 508 F.3d 563, 570 (9th Cir. 2007). There is no indication that Avila needed more time to understand that, if he decided to proceed with sentencing, he would likely receive a higher sentence than the one contemplated under the plea agreement. Avila could have requested more time to speak with his attorney if he did not understand the consequences of going forward after the plea agreement was rejected, but he did not do so. Nor did he ask that the case be set for trial. Under these circumstances, it is apparent that Avila's decision to maintain his guilty plea and continue with sentencing was voluntary.

4. Avila did not properly object to the district court's delivery of the advisements required by Federal Rule of Criminal Procedure 11(c)(5) upon rejection of a plea agreement, so we review this issue for plain error. The district court stated in open court that it could not accept Avila's plea agreement and that it was rejecting the agreement. The district court also indicated that Avila would likely receive a harsher sentence than that contemplated by the agreement if he proceeded with sentencing. The district court stated in open court that it was inclined to sentence Avila to a maximum of twenty-one months imprisonment, and Avila did in fact receive this sentence. Avila cites no controlling authority that

3

clearly indicates the district court's advisements were erroneous. What is more, he has not shown that his substantial rights have been affected, that is, "a reasonable probability that, but for the error[s], he would not have entered the plea." *See United States v. Roblero-Solis*, 588 F.3d 692, 700 (9th Cir. 2009) (internal quotation marks omitted). There was no plain error in the district court's delivery of the advisements.

5. Because we are not remanding this case for further proceedings, there is no need to consider whether the case should be reassigned to a different district court judge.

Avila's request for judicial notice is **GRANTED**. The district court's judgment is **AFFIRMED**.

4