**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: JAMES H. GALLAHER, Jr.,

---

JAMES H. GALLAHER, Jr.,
                    *Petitioner,*

            v.

UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
WASHINGTON,
                    *Respondent,*

UNITED STATES OF AMERICA,
            *Real Party in Interest.*

No. 07-74593

D.C. No.
CR-05-00224-RHW

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Argued and Submitted
June 2, 2008—Seattle, Washington

Filed November 13, 2008

Before: M. Margaret McKeown and Consuelo M. Callahan,
Circuit Judges, and Otis D. Wright,* District Judge.**

Opinion by Judge McKeown

---

*The Honorable Otis D. Wright, United States District Court for the
Central District of California, sitting by designation.

**This case was argued before Judges Ferguson, Callahan, and Wright.
Following Judge Ferguson's death, Judge McKeown was substituted for
Judge Ferguson.

**COUNSEL**

Stephen R. Hormel (argued), Federal Defenders of Eastern Washington and Idaho, Spokane, Washington, for the petitioner.

Joseph H. Harrington (argued), Assistant United States Attorney; James A. McDevitt, United States Attorney, Spokane, Washington, for the real party in interest.

**OPINION**

McKEOWN, Circuit Judge:

In the classic words of the Rolling Stones, "You can't always get what you want." The Rolling Stones, *You Can't Always Get What You Want*, *on* Let It Bleed (Decca Records

1969). A defendant who chooses to take a conditional plea cannot always assume the court will grant its consent. And, a district court that wants to review a defendant's Presentence Report (PSR) cannot do so until the defendant has granted his consent or entered a plea. Consequently, we are forced to disappoint both the district court and the petitioner in this appeal. Because the district court exercised its discretion to deny its consent to Gallaher's conditional plea, the petition for a writ of mandamus must be denied. However, because the district court erred by prematurely reviewing Gallaher's PSR, we remand for further proceedings, and reassign this case to a new judge to consider de novo whether to accept Gallaher's conditional plea.

## I.  BACKGROUND

After James H. Gallaher, Jr. was charged with first degree murder, he entered into a conditional plea agreement. Under the agreement, he pleaded guilty to involuntary manslaughter, but reserved the right to appeal the district court's earlier denial of his motion to dismiss the indictment.[1] The agreement also stipulated that Gallaher could withdraw his guilty plea if his appeal was successful.[2]

At the change of plea hearing, the district court expressed reservations about certain terms in the plea agreement.[3] The

---

[1]Gallaher's motion to dismiss alleged that the indictment violated the applicable statute of limitations. The district court denied the motion, concluding that first degree murder is not subject to a statute of limitations. We rejected Gallaher's petition for a writ of mandamus on that issue. *Gallaher v. U.S. Dist. Court*, No. 06-73909 (9th Cir. Dec. 6, 2006), *cert. denied*, 127 S. Ct. 1869 (2007).

[2]Gallaher also agreed to waive any ex post facto or statute of limitations claims related to his involuntary manslaughter plea and to accept a sentence in accordance with the then-current statutory penalties — four to six years — as opposed to the three-year maximum penalty in effect on the date he committed the offense.

[3]Specifically, the district court questioned the propriety of (1) accepting a plea to a lesser included offense without first securing a new indictment;

court then reviewed the agreement with Gallaher and engaged in a plea colloquy consistent with the requirements of Rule 11(b) of the Federal Rules of Criminal Procedure. The district court found that Gallaher's plea was knowing, voluntary, intelligent, and supported by a sufficient factual basis. The judge then stated that he would "conditionally approve" the plea, but that he wanted "to review the pre-sentence report and then accept it or not." The following exchange occurred:

> **Court**: What I'm going to do is — this plea binds me. I'm going to — I want to review the pre-sentence report before I'm sure that I want to accept this plea. So I'm going to conditionally approve it. And when I get the pre-sentence report, if there's a problem, then I'll notify the parties; and then we can come back here. Do you understand that?

> **Defense Counsel**: Your Honor, are you conditionally accepting the plea agreement or the plea? There's two — there's two layers there, so I'm confused.

> **Court**: Do I have to accept the plea agreement? What's that mean? I've never accepted a plea —

> **Defense Counsel**: You can defer the acceptance of the plea agreement until the time of sentencing. The acceptance of the plea, I'm not sure. There's two steps in a —

> **Court**: What I'm saying is that I can come out and say I'm not going to accept this plea, and you'd be

---

(2) accepting a plea to involuntary manslaughter which, because of its five year statute of limitations, could not have been lawfully charged; and (3) accepting a sentence that allowed the district court to depart from the statutory maximum that existed at the time of the offense.

back to what he's charged with. I think that's that [sic] I'm not accepting — I'm conditionally accepting the plea, waiting to see the pre-sentence report. Does that make sense?

**Defense Counsel**: I think so.

**Court**: Well, I'm not expecting you to like it. But, I mean, do you understand what I'm saying?

**Defense Counsel**: I understand what you're — you're —

**Court**: What I'm trying to say is that I — most of the time, I accept the plea or don't accept it; or I accept it conditioned upon getting the pre-sentence report. What I want to do is I want to review the pre-sentence report and then accept it or not.

The district court scheduled sentencing and ordered the Probation Office to prepare a PSR. The court filed an "Order Accepting Guilty Plea," which stated that the plea was "conditionally accepted." The minutes of the change of plea hearing also noted that the district court "[c]onditionally accept[ed] plea but will not accept plea until the presentence report is reviewed."

At the sentencing hearing, the district judge noted that the "plea is conditional and requires the court's consent." The district judge then announced that he was "not accepting the conditional plea" and was setting the case for trial:

[I]f the plea was unconditional, I would have no choice. I would have to accept it. But I'm not accepting the conditional plea. . . . I'm not ruling on the plea agreement. I'm basing it on the conditional plea. I've got a first-degree murder charge that alleges facts that are far different than is ultimately required

for me to consider under the conditional plea, and so
I'm not going to accept that. We'll have to set this
back down for trial. And if you have some other dis-
position in the meantime, you can let me know.

Gallaher filed this petition for a writ of mandamus seeking
an order directing the district court to accept his guilty plea,
and the reassignment of his case to a new judge. Although we
review the district court decision for clear error, *see In re
Morris*, 363 F.3d 891, 891 (9th Cir. 2004) (per curiam), we
consider de novo whether the elements of the mandamus test
are satisfied. *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir.
2003).

## II.  ANALYSIS

### A.  JUDICIAL DISCRETION TO WITHHOLD CONSENT

A conditional guilty plea differs in important respects from
an unconditional guilty plea. An unconditional plea may be
deemed accepted once the court has conducted a Rule 11 col-
loquy and found that the defendant's plea satisfies the require-
ments of Rule 11(b). *In re Vasquez-Ramirez*, 443 F.3d 692,
696 (9th Cir. 2006) ("[T]he act of 'accepting' a tendered
guilty plea is non-discretionary once the Rule 11(b) require-
ments are met.").

**[1]** By contrast, a conditional plea is contingent on the
defendant securing the consent of both the government and
the court. Fed. R. Crim. P. 11(a)(2) ("With the consent of the
court and the government, a defendant may enter a condi-
tional plea of guilty . . . ."). The language of Rule 11(a)(2) is
entirely permissive and "create[s] no enforceable 'right' to
enter a conditional plea." *United States v. Fisher*, 772 F.2d
371, 374 (7th Cir. 1985).[4]

---

[4]Gallaher advances a plausible argument based on the Advisory Com-
mittee Notes to Rule 11(a)(2). The Advisory Committee Notes suggest

**[2]** The other circuits that have examined the text of Rule 11(a)(2) have concluded that Rule 11(a)(2) does not place any per se restrictions on how a court may exercise its discretion. *United States v. Bundy*, 392 F.3d 641, 647 (4th Cir. 2004) (stating that a district judge is free to withhold consent from a conditional plea "for any reason or no reason at all"); *United States v. Bell*, 966 F.2d 914, 916 (5th Cir. 1992) (concluding that the court is "free to reject a conditional plea for any reason or no reason at all"); *United States v. Davis*, 900 F.2d 1524, 1527 (10th Cir. 1990) (stating that a district court "has absolute discretion with regard to accepting or rejecting the conditional plea" and "can refuse to accept a conditional plea for any reason or for no reason"); *Fisher*, 772 F.2d at 374 (concluding that the government was free to refuse its consent "for any reason or for no reason at all"). We decline Gallaher's invitation to step off the path followed by our sister circuits. Under Rule 11(a)(2), the district court's discretion to reject the conditional plea was not limited in the ways Gallaher suggests.

**B.   ACCEPTANCE OF A CONDITIONAL GUILTY PLEA**

**[3]** Having determined that the district court had discretion to withhold its consent to the conditional guilty plea, we next consider whether the district court did in fact withhold its consent. At the initial change of plea hearing, the district court "conditionally approve[d]" the plea, explaining that it "want[ed] to review the presentence report and then accept it or not." Both the change of plea order and the minutes stated that the plea was "conditionally accepted." The district court later emphasized that this conditional acceptance was not an

that the consent requirement helps ensure that the issue the defendant wishes to reserve for appeal is dispositive and sufficiently developed to allow for an appellate court's review. However, nothing in the rule itself or our case law dictates that this is the singular basis on which a court may refuse its consent.

expression of consent and explicitly refused to consent to the conditional plea.[5]

[4] We do not express an opinion on whether, under different circumstances, a court's consent to a conditional plea may be inferred from its actions alone. Here, the district court's explicit and repeated rejection of the plea precludes such an inference. Because the district court exercised its discretion to reject the plea, the petition for writ of mandamus is denied.

## C.   RULE 32

[5] Though we deny the petition for mandamus, our review of the district court proceedings is not yet complete. We must also decide whether the district court erred by reviewing the PSR before rejecting Gallaher's conditional plea. Under Federal Rule of Criminal Procedure 32(e)(1), "Unless the defendant has consented in writing, the probation officer *must not* submit a presentence report to the court or disclose its contents to anyone *until the defendant has pleaded guilty* or nolo contendere, or has been found guilty." Fed. R. Crim. P. 32(e)(1) (emphasis added).[6]

The Supreme Court explained in *Gregg v. United States* that Rule 32's non-disclosure provision is "explicit" and that

---

[5]The district court stated: "I expressed from the earliest time that I . . . reserved the acceptance of the plea. I didn't not accept it on [Rule 11(b) grounds]; but I didn't accept it because my consent's required, and I reserved that." The district judge later reiterated that "when I was going through the litany about whether I accepted the plea or not, I concluded that I was not ready to consent to the plea; and so I didn't."

[6]The district judge expressed concern that the court "is the least informed about the factors that may be relevant to consent" and that "[t]o deny the district court complete information would result in a less-informed exercise of discretion." Nonetheless, Rule 32 only prevents the district court from reviewing a document which may contain prejudicial information that "is irrelevant to the determination of guilt or innocence, and is only relevant to sentencing." *Vasquez-Ramirez*, 443 F.3d at 698.

a court's premature review of the PSR "constitutes error of the clearest kind." 394 U.S. 489, 491, 492 (1969). The Court admonished that this rule "must not be taken lightly" because PSRs contain "no formal limitations on their contents, and they may rest on hearsay and contain information bearing no relation whatever to the crime with which the defendant is charged." *Id.* at 492. Indeed, allowing "ex parte introduction of this sort of material to the judge who will pronounce the defendant's guilt or innocence or who will preside over a jury trial would seriously contravene the rule's purpose of preventing possible prejudice from premature submission of the presentence report." *Id.*; *see also Vasquez-Ramirez*, 443 F.3d at 698 ("The obvious reason for this rule is that the information in a presentence report, such as criminal history and related conduct, is irrelevant to the determination of guilt or innocence, and is only relevant to sentencing.").

**[6]** Because the district court did not consent to Gallaher's attempt to plead guilty, it follows that Gallaher had not "pleaded guilty," and thus the court's review of the PSR was premature and in error.[7] As in *Vasquez-Ramirez*, "[t]he district judge wants to have it both ways — he wants to have access to information to which he is only entitled once the defendant is guilty, and then use it retrospectively to decide whether to accept the defendant's guilty plea. This is not allowed under the Rules." 443 F.3d at 699.

**[7]** Both parties agree that if the review of the PSR was in error, reassignment to a new judge is the appropriate remedy. This reassignment is not a reflection on the district judge. We

---

[7]In *United States v. Cordova-Perez*, we upheld a district court's rejection of a guilty plea even though the district court had reviewed the defendant's PSR. 65 F.3d 1552, 1556 (9th Cir. 1995). However, the Supreme Court overturned this holding in *United States v. Hyde*. 520 U.S. 670, 677 (1997). We decline to mine *Cordova-Perez* for any aspects that may remain applicable post-*Hyde* and reiterate our conclusion that "*Cordova-Perez* is no longer good law." *In re Ellis*, 356 F.3d 1198, 1205 (9th Cir. 2004) (en banc).

have explained that "[g]iven the preliminary nature of the plea proceedings, the minimal potential for waste or duplication of judicial resources is outweighed by the need to proceed in a manner that preserves the appearance of justice." *Ellis*, 356 F.3d at 1211. Accordingly, we remand this case for reassignment to a new judge to consider whether to accept Gallaher's conditional plea.

Petition for a writ of mandamus is DENIED; REMANDED for REASSIGNMENT to a new judge for further proceedings.