UNITED STATES of America, Plaintiff—Appellee,

v.

Elias JAUREGUI, Defendant—Appellant.

No. 07–10362.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Jan. 21, 2009.

As Amended on Denial of Rehearing March 10, 2009.

Chris Alan Thomas, Assistant U.S., USH–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Cynthia Ann Kagiwada, Kaneohe, HI, for Defendant–Appellant.

Before: SCHROEDER, PAEZ and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Defendant–Appellant Elias Jauregui appeals his 240–month sentence for possession, distribution, and conspiracy to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Jauregui, appearing pro se in the district court, pled guilty to being involved in a scheme to transport methamphetamine from California to Hawaii. He sought to enter a plea admitting only the elements of the offenses, without admitting the quantity and type of the drugs involved. Under the law of this circuit, the district court had the discretion to refuse to accept a plea unless Jauregui admitted drug quantity and type as well. *See United States v. Thomas,* 355 F.3d 1191, 1198 (9th Cir. 2004); *In re Gallaher,* 548 F.3d 713, 716–17 (9th Cir.2008) (finding that district courts have broad discretion to reject con-

* This disposition is not appropriate for publica-

ditional guilty pleas). Moreover, the district court's plea colloquy under Federal Rule of Criminal Procedure 11 was adequate to establish that the plea was knowing and voluntary.

Jauregui also contends the district court should have granted his request to continue his sentencing hearing date and to be provided funds to obtain witnesses and evidence in support of his claim that he did not have a managing role in the scheme. The district court, however, imposed the lowest possible sentence for the amount of drugs involved. It did not apply a managing role enhancement. There was no error because there would have been no purpose served by additional evidence.

### AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

