**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30114 |
| Plaintiff - Appellee, | D.C. No. CR11-6022-RHW |
| v. | |
| RICARDO RAMOS-TADEO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Argued and Submitted March 9, 2012
Seattle, Washington

Before: PAEZ and MURGUIA, Circuit Judges, and TUCKER, District Judge.[**]

Appellant Ricardo Ramos-Tadeo was indicted on March 8, 2011, on one

count of being an alien in the United States after deportation in violation of 8

U.S.C. § 1326 ("2011 Indictment"). He appeals the district court's denial of his

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Josephine Staton Tucker, United States District Judge
for the Central District of California, sitting by designation.

motion to dismiss the 2011 Indictment. Ramos-Tadeo asserts, and the Government does not dispute, that the 2011 Indictment charged the same offense conduct as that of an April 13, 2010, indictment, to which Ramos-Tadeo pleaded guilty, and which was subsequently dismissed without prejudice under the Speedy Trial Act ("2010 Indictment"). Ramos-Tadeo further asserts that the district court erred by holding that his guilty plea to the 2010 Indictment was not accepted, and that, therefore, jeopardy never attached to the conduct charged in the 2011 Indictment. We review de novo the denial of a motion to dismiss on double jeopardy grounds. *United States v. Price*, 314 F.3d 417, 420 (9th Cir. 2002). We also review de novo whether the district court has accepted a guilty plea. *See In re Ellis*, 356 F.3d 1198, 1205 (9th Cir. 2004) (en banc); *see also United States v. Jones*, 472 F.3d 905, 908-09 (D.C. Cir. 2007). We reverse and remand to the district court to enter an order dismissing the 2011 Indictment.

After a district court accepts a guilty plea, jeopardy attaches, and the court has no authority to vacate the defendant's plea. *United States v. Patterson*, 381 F.3d 859, 864 (9th Cir. 2004); *Ellis*, 356 F.3d at 1203, 1208. To determine whether the district court has accepted a plea, we consider both explicit and implicit indicia of acceptance, including: (1) whether the district court completed the Rule 11 plea colloquy and expressly accepted the plea, *see In re Gallaher*, 548

2

F.3d 713, 716-17 (9th Cir. 2008); *Patterson*, 381 F.3d at 863-64; *Ellis*, 356 F.3d at 1204; (2) whether the district court's records reflect that the plea was accepted, *see Ellis*, 356 F.3d at 1204; and (3) whether the court ordered and reviewed a presentence report after the plea hearing, *see* Fed. R. Crim. P. 32(e)(1); *Ellis*, 356 F.3d at 1204.

We have reviewed the record, including the transcript of the change of plea hearing, and conclude that the district court, Senior District Judge Justin L. Quackenbush presiding, accepted Ramos-Tadeo's plea to the 2010 Indictment. While the court initially expressed an inclination to defer acceptance of Ramos-Tadeo's plea to the sentencing judge, its express statements during the hearing and in its subsequent orders clearly reflect that it accepted Ramos-Tadeo's plea. During the plea hearing, the court completed the Rule 11 colloquy and expressly stated, "I'll accept the plea of guilty and enter an order." The Government objected, and the court acknowledged that objection on the record. Thereafter, the court entered a written order accepting the plea, and court minutes were prepared reflecting that Ramos-Tadeo entered a guilty plea that was accepted by a signed and filed order of the court. These express indicia of acceptance are further confirmed by the court's admonition to Ramos-Tadeo that he would not be permitted to withdraw his plea at sentencing if he proceeded with the change of

3

plea hearing, *see* Fed R. Crim. P. 11(d) (granting defendant unqualified right to withdraw a plea prior to acceptance by the district court), and by the fact that the court ordered, and the sentencing judge reviewed, the presentence report, *see* Fed. R. Crim. P. 32(e)(1) (prohibiting submission of presentence report to the court until defendant pleads guilty).

The Government argues that the court failed to complete the Rule 11 colloquy because it did not require Ramos-Tadeo to admit the date of his prior deportation. However, the date of Ramos-Tadeo's prior deportation is relevant only to sentencing and is not a necessary element of the charged offense. *United States v. Mendoza-Zaragoza*, 567 F.3d 431, 433 (9th Cir. 2009) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998)). A plea is not defective for failure to admit a fact relevant to a sentencing enhancement. *Patterson*, 381 F.3d at 865.

When the court accepted Ramos-Tadeo's guilty plea to the 2010 Indictment, jeopardy attached to the charged offense. Because the 2011 Indictment charges Ramos-Tadeo with the same offense, it must be dismissed under the Double Jeopardy Clause. U.S. Const. amend. V.

**REVERSED AND REMANDED**.