**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50009 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00157-R-1 |
| v. | |
| ANDREW SUN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 7, 2016
Pasadena, California

Before: PREGERSON, NGUYEN, and OWENS, Circuit Judges.

Andrew Sun, a doctor, appeals from his jury trial conviction for fourteen

counts of distributing controlled prescription drugs, in violation of 21 U.S.C.

§ 841(a)(1), and three counts of money laundering, in violation of 18 U.S.C.

§ 1956(a)(1)(B)(i). As the parties are familiar with the facts, we do not recount

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

them here.  We affirm.

1.  We reject Sun's various challenges to the jury instructions regarding the drug charges.  The district court did not err in declining to provide Sun's proposed "good faith" instruction.  "Our case law is well settled that a criminal defendant has 'no right' to *any* good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged[.]"  *United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004).  The district court's other instructions adequately encompassed Sun's good faith defense, and his proposed good faith instruction misstated the law.  *See United States v. Whittemore*, 776 F.3d 1074, 1078, 1080 (9th Cir. 2015) (while "[a] defendant is entitled to have the judge instruct the jury on his theory of defense," he is "not entitled to the instructions of his choice" (citation omitted)).

The district court also did not err in providing an instruction regarding narcotic addiction treatment, which was nearly identical to one this court has upheld as "properly stat[ing] the law."  *United States v. Hayes*, 794 F.2d 1348, 1352 (9th Cir. 1986).  Contrary to Sun's contention, this instruction was not inconsistent with regulations concerning narcotic addiction treatment.

Further, the instructions adequately stated the standard for criminal liability under 21 U.S.C. § 841(a)(1), and did not allow the jury to convict Sun based solely

2

on civil malpractice. *See United States v. Feingold*, 454 F.3d 1001, 1010-11 (9th Cir. 2006) (holding that "the district court must ensure that the benchmark for criminal liability is the higher showing that the practitioner intentionally has distributed controlled substances for no legitimate medical purpose and outside the usual course of professional practice" but "reaffirm[ing] that it is appropriate in cases such as this for the jury to consider the practitioner's behavior against the benchmark of acceptable and accepted medical practice").

Finally, the district court did not err in instructing that "good motive" alone was not a defense, and that motive should only be considered to determine the defendant's intent or knowledge. *See United States v. Pomponio*, 429 U.S. 10, 11 (1976) (per curiam) (upholding similar instruction).

2. We also reject Sun's challenges to the jury instructions regarding witness credibility. The record belies Sun's contention that the district court failed to give any instruction regarding witness credibility in general.

In addition, the district court did not plainly err by failing to sua sponte issue an instruction on the credibility of law enforcement witnesses because there was no requirement for such an instruction here. *See United States v. Olano*, 507 U.S. 725, 730-36 (1993) (clarifying standard for plain error review); *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003) ("An error cannot be plain where

3

there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results."). Sun's reliance on "dual role" case law is misplaced because the law enforcement expert witness did not also testify as a lay witness. *See United States v. Torralba-Mendia*, 784 F.3d 652, 658-59 (9th Cir. 2015) (holding that "the district court committed plain error by not instructing the jury on how to evaluate dual role testimony").

3. The district court did not plainly err in admitting Sun's records from his prior disciplinary proceedings before the Medical Board of California ("MBC"). *See Olano*, 507 U.S. at 730-36. Sun's disciplinary records were admitted under Federal Rule of Evidence 404(b) to prove Sun's knowledge of the standard of care and absence of mistake. Contrary to Sun's contention, the district court did not plainly err in admitting the disciplinary records based on hearsay or Federal Rules of Evidence 408 or 403. Moreover, the jury was instructed on the limited purpose for which it could consider the disciplinary records. *See United States v. Wahchumwah*, 710 F.3d 862, 871 (9th Cir. 2012).

The MBC settlement agreement's provision restricting its use did not prevent the federal government from introducing the agreement as evidence. *See United States v. Cordova-Perez*, 65 F.3d 1552, 1554 (9th Cir. 1995) ("[I]t is well settled that states cannot bind the federal government to the terms of a plea

4

agreement to which the federal government is not a party."), *overruled on other grounds as recognized by In re Gallagher*, 548 F.3d 713, 718 n.7 (9th Cir. 2008).

4. The district court did not plainly err in allowing expert testimony on the standards of care, including medical regulations, regarding prescribing controlled substances and treating narcotic addiction because "only after assessing the standards to which medical professionals generally hold themselves is it possible to evaluate whether a practitioner's conduct has deviated so far from the 'usual course of professional practice' that his actions become criminal." *Feingold*, 454 F.3d at 1007 (citation omitted).

The district court also did not plainly err in allowing the medical expert to testify that Sun was not acting as a doctor when he wrote the prescriptions to the undercover investigators. Contrary to Sun's contention, the expert did not improperly opine about Sun's state of mind. *See* Fed. R. Evid. 704(b) ("In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense.").

5. Finally, Sun argues that there is insufficient evidence to support his convictions for concealment money laundering. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution,

*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Because Sun failed to move for a judgment of acquittal during the trial, we review for plain error. *United States v. Ross*, 338 F.3d 1054, 1057 (9th Cir. 2003) (per curiam).

Viewing the evidence in the light most favorable to the prosecution, a rational jury could find that Sun deposited the illegal cash proceeds from his medical practice into his personal bank account, rather than his business account, with the purpose "to conceal or disguise the nature [or] . . . the source" of the proceeds. 18 U.S.C. § 1956(a)(1)(B)(i); *see also Regalado Cuellar v. United States*, 553 U.S. 550, 567 (2008) (holding for an analogous money laundering provision that the government must prove "that the purpose – not merely effect – of the [action] was to conceal or disguise a listed attribute"). From Sun's statement to investigators that he deposited the proceeds into his personal account to avoid reporting them to the IRS, among other evidence, a rational jury could infer that Sun had the purpose to conceal their illegal nature or source. *See United States v. Tekle*, 329 F.3d 1108, 1113-14 (9th Cir. 2003) (rejecting the defendant's argument "that the government did not prove that he intended to conceal the illegal nature of [drug trafficking] funds because the 'transactions in question were open, notorious,

6

and did not disguise defendant's identity'" as "[t]he necessary concealment . . . is that of the source of the funds, not the identity of the money-launderer").

Accordingly, for the money laundering convictions, we conclude that Sun failed to satisfy the strict standard for sufficiency-of-the-evidence claims, particularly given plain error review.

**AFFIRMED**.