**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Noel Urrutia MENDOZA,**
**Defendant–Appellant.**

No. 07–50104.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2008.

Filed May 21, 2008.

Michael J. Raphael, Esq., Assistant U.S., Nancy B. Spiegel, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Karen L. Landau, The Law Offices of Alan Ellis, Mill Valley, CA, for Defendant–Appellant.

Before: SILVERMAN, BERZON, and BYBEE, Circuit Judges.

MEMORANDUM *

We reverse the district court's rejection of Noel Urrutia Mendoza's plea of guilty to one count of violating 21 U.S.C. § 846.

"[I]t is clear that a court must accept an unconditional guilty plea, so long as the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[Federal Rule of Criminal Procedure] 11(b) requirements are met." *In re Vasquez–Ramirez*, 443 F.3d 692, 695–96 (9th Cir.2006). A district court does, however, have "discretion to reject a guilty plea … [if it believes] the plea has failed to meet the Rule 11(b) requirements." *Id.* at 700 n. 9.

■ There is no dispute that the change of plea colloquy, insofar as it was completed, met all the other requirements of Rule 11(b); the only question is whether there was a factual basis for the plea. Mendoza indicated that he was prepared to admit that he was "a voluntary participant in [the] crime," and had stipulated to the factual circumstances of the crime. There was, therefore, a factual basis for the plea. *See* Fed.R.Crim.P. 11(b)(3).

The district court abused its discretion by nonetheless rejecting Mendoza's plea on the ground that he could not admit he was predisposed to commit the crime. Predisposition is not an element of the crime to which Mendoza pleaded. *See* 21 U.S.C. § 846. It could have been relevant only if Mendoza had asserted an entrapment defense at the change of plea hearing. Mendoza explicitly did not do so, instead making clear through counsel that although the confidential informant, Faustino Lopez, provided the opportunity to commit the crime, "the conduct and the instigation of Mr. Faustino [does not] rise [ ] to the level of legal entrapment." Mendoza thus indicated that he could not satisfy one of the two elements needed to make out a defense of entrapment—inducement—whether or not he could satisfy the other one—predisposition. *See United States v. McClelland,* 72 F.3d 717, 722 (9th Cir.1995) ("A defense of entrapment has *two* elements: government inducement of the crime and the absence of predisposition on the part of the defendant.") (quotation marks in original omitted, emphasis added). Nor did defense counsel ever state that he planned to argue "entrapment," imperfect or otherwise, at sentencing.

In sum, Mendoza's failure to admit to predisposition was fully consistent with the assertion that he could not prove a legally viable entrapment defense. The district court's reliance on a contrary premise in rejecting the guilty plea was therefore legally erroneous, and therefore an abuse of discretion.

■ The result of the district court's error was that although Mendoza attempted to plead guilty and thereby provide consideration for the government's reciprocal obligations in the plea agreement, he was prevented from doing so. *Cf. United States v. Hyde,* 520 U.S. 670, 677–78, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997). We will therefore restore Mendoza to the position he would have been in had his plea not been erroneously rejected.

We do so through the remedy proposed by the government and agreed to by Mendoza's counsel at argument: Mendoza's conviction at trial for violating 21 U.S.C. § 841(a)(1), (b)(1)(B), is vacated, along with the corresponding sentence. We do not disturb the 21 U.S.C. § 846 conviction, as Mendoza was prepared to plead guilty to that count, but we vacate the sentence for that offense. We remand for resentencing in accordance with Mendoza's original plea agreement, including that agreement's acceptance of responsibility provisions. That Mendoza went to trial rather than pleading guilty should not be considered in the sentencing, because, among other reasons, that occurred only because of the district court's erroneous rejection of the guilty plea.

**REVERSED.**