Daniel Samaniego, Petitioner,

v.

**United States District Court for the District of Arizona (Phoenix), Respondent,**

United States of America, Real Party in Interest.

No. 08–74656.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2009.

Filed May 15, 2009.

**In re: Daniel SAMANIEGO,**

Michael S. Reeves, Esquire, Law Offices of Michael S. Reeves, Phoenix, AZ, for Petitioner.

Camille Bibles, Assistant U.S., U.S. Attorney's Office, Flagstaff, AZ, Lisa Jennis Settel, Esquire, Assistant U.S., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Real Party in Interest.

Before: D.W. NELSON, BERZON and CLIFTON, Circuit Judges.

### MEMORANDUM *

On October 31, 2008, the district court rejected Daniel Samaniego–Chacon's ("Samaniego") plea of guilty to one count of harboring an illegal alien for the purpose of commercial gain. Samaniego petitions this Court for a writ of mandamus that would reverse that decision, require the district court to conduct a renewed plea hearing, and assign his case to a different district court judge. Although the district court may have erred in rejecting Samaniego's plea prematurely, its decision was not "clearly erroneous as a matter of law." *See Cordoza v. Pac. States Steel Corp.,* 320 F.3d 989, 998 (9th Cir.2003) (noting that, for purposes of evaluating a writ of mandamus, "we review the district court's [decisions], not for an abuse of discretion, but for clear error"). We therefore decline to issue the writ of mandamus. We nonetheless urge the district court, in light of the considerations discussed below, to provide Samaniego with a second opportunity to enter a guilty plea before his trial commences.

1. A district court must accept an unconditional guilty plea if the requirements of Federal Rule of Criminal Procedure 11(b) are met. *See In re Vasquez–Ramirez,* 443 F.3d 692, 695–96 (9th Cir.2006). A district court does, however, have "discretion to reject a guilty plea ... [if it believes] the plea has failed to meet the Rule 11(b) requirements." *See id.* at 700 n. 9.

In this case, the district court asserts that it rejected Samaniego's plea because it could not determine a factual basis for the plea, as required by Rule 11(b)(3). *See* Rule Fed. R.Crim. Pro. 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."). More specifically, the district court maintains that Samaniego's statements near the end of his plea hearing, in which he indicated that he was working at the Phoenix residence against his will, negated the mens rea required for the harboring offense.

Samaniego's statements can certainly be interpreted as suggesting that Samaniego believed he was innocent of the crime, and thereby cast doubt on whether a factual basis existed for his plea. *See United States v. Covian–Sandoval,* 462 F.3d 1090, 1094–95 (9th Cir.2006) (implying that the factual basis for a plea would be undermined if a defendant's assertions during a plea colloquy established the basis for an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

affirmative defense); *United States v. Ventura–Cruel,* 356 F.3d 55, 60–61 (1st Cir. 2003) (affirming district court's rejection of guilty plea where the defendant's statements negated the mens rea necessary for the crime charged).

Because the district court had reason to doubt that a factual basis existed for Samaniego's plea, it had the discretion to reject the plea. *See In re Vasquez–Ramirez,* 443 F.3d at 700 n. 9. For the reasons discussed below, we hold that the district court did not clearly err as a matter of law by exercising that discretion to reject Samaniego's plea. *See Cordoza,* 320 F.3d at 998.

Samaniego does not in his briefs cite a single case in which an appellate court has reversed a district court's decision to reject a defendant's plea after the district court concluded that the defendant's exculpatory statements prevented it from determining that there was an adequate factual basis. Nor does he cite any cases holding that a district court has an obligation to make further inquiry once it has a basis for rejecting a guilty plea for lack of factual basis. At oral argument, Samaniego's attorney conceded that he was unaware of any such cases.

At the same time, appellate courts, including this one, have overturned convictions on the grounds that the district court accepted a factual basis too readily. *See, e.g., United States v. Monzon,* 429 F.3d 1268, 1273–74 (9th Cir.2005) (reversing the defendant's conviction where the facts stated in the plea agreement and the defendant's statements at his plea hearing failed to establish one of the elements of the crime of conviction); *United States v. White,* 258 F.3d 374, 380 (5th Cir.2001) ("[N]otwithstanding an unconditional plea of guilty, we will reverse on direct appeal where the factual basis for the plea as shown of record fails to establish an element of the offense of conviction.").

Given that the district court had no guidance from this Court on the points at issue, and given the existence of case law in which appellate courts have reversed a district court for accepting an insufficient factual basis too readily, we cannot conclude that the district clearly erred when it rejected Samaniego's plea without further inquiry. The court had reason to conclude that Samaniego's statements raised concerns about the factual basis for his plea. In the absence of any case law requiring the court to seek clarification of Samaniego's remarks, we cannot say that the district court clearly erred in failing to do so.

2. That is not to say, however, that, on direct appeal, we would conclude that the district court's refusal to accept the plea was free of reversible error. As a matter of first impression, we might well determine that a district court should not reject a plea for lack of factual basis and adjourn the plea hearing without providing the defendant an opportunity to explain his purportedly exculpatory statements. Thus, although we deny Samaniego's petition, we urge the court to consider a request from Samaniego for a second opportunity to enter his plea. *See United States v. Maddox,* 48 F.3d 555, 559–60 (D.C.Cir.1995) (holding that it was an abuse of discretion for the district court to reject summarily the defendant's request for a second plea hearing). The government informed this panel at oral argument that it would not oppose such a request. If the court decides to conduct an additional plea hearing, it, of course, retains the discretion to refuse to accept Samaniego's plea if he continues to maintain his innocence.

**PETITION DENIED.**