**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

DANNY TEAGUE,
*Defendant-Appellant*.

No. 10-10276

D.C. No.
1:05-cr-00495-
LJO-1

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted
January 15, 2013—San Francisco, California

Filed July 18, 2013

Before: A. Wallace Tashima, Susan P. Graber,
and Raymond C. Fisher, Circuit Judges.

Opinion by Judge Fisher

## SUMMARY[*]

### Criminal Law

The panel affirmed a criminal judgment in a case in which the defendant, who was convicted of both receipt and possession of child pornography, argued that he is being punished twice for the same conduct in violation of the Double Jeopardy Clause.

The panel held that the district court erred by entering judgment on both counts absent some assurance that the convictions were based on separate conduct. In light of the overwhelming and unrebutted evidence of separate conduct, the panel held that the error did not affect the defendant's substantial rights.

### COUNSEL

Carolyn D. Phillips, Fresno, California, for Defendant-Appellant.

Benjamin B. Wagner, United States Attorney, Camil A. Skipper, Appellate Chief, and Brian W. Enos (argued), Assistant United States Attorney for the Eastern District of California, Fresno, California, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

FISHER, Circuit Judge:

A jury convicted Danny Teague of both receipt and possession of child pornography. Because possession is a lesser included offense of receipt, the convictions violate the Fifth Amendment's Double Jeopardy Clause if they were based on the same conduct. *See United States v. Overton*, 573 F.3d 679, 695 (9th Cir. 2009). On the other hand, "where separate conduct supports each offense, the Fifth Amendment's Double Jeopardy Clause is not implicated." *Id.* The prosecutor charged receipt of one set of files and charged possession of a much larger set of files. Because the files supporting the receipt count were a subset of the files supporting the possession charge and the prosecutor did not request, nor did the district court provide, an instruction explicitly requiring the jury to base the two convictions on separate conduct, it is theoretically possible the convictions were based on the same conduct. We agree with Teague that the district court erred by entering judgment on both counts absent some assurance that the convictions were based on separate conduct. In light of the overwhelming and unrebutted evidence of separate conduct, however, we hold that the error did not affect Teague's substantial rights. We therefore affirm.

## BACKGROUND

In November 2005, a detective determined that a computer owned by appellant Danny Teague was being used to download child pornography from the Internet. The computer was using the LimeWire program, a peer-to-peer network that allows users to share files with other computers

on the Internet.  Law enforcement agents executed a search warrant on Teague's house, located Teague's computer in the garage and found files containing child pornography on the computer.   The agents also located a briefcase, stored underneath the computer desk, containing 20 compact discs (CDs) containing child pornography.   Because this case hinges on the differences between them, we briefly address the key attributes of the files on the CDs (the CD files) and the files on the computer (the computer files).

The computer files comprised approximately 20 image files and 11 movie files containing child pornography. Unrefuted testimony established that they were downloaded from the Internet in 2005.  The computer files were stored on the hard drive of Teague's computer.

The CD files were located on CDs contained in a briefcase under Teague's computer desk.   These files included approximately 760 images of child pornography, several of which were duplicates.  The CD files discussed at trial were created (i.e., saved to the CD) in 2002 and 2003, although other files may have been created before 2002 or after 2003.  The briefcase containing the CDs also contained receipts and other indicia showing that it belonged to Teague, including documents addressed to him and documents signed by him.  The CDs themselves also included files showing that they belonged to Teague, such as photos of Teague and his family that had been taken with a camera found in Teague's closet.  The CDs also contained sexually explicit photographs of Teague, benign photos of Teague's family and explicit child pornographic images that had been digitally altered to include Teague.

Teague was charged with three counts: (1) receipt or distribution of material depicting the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2); (2) possession of material depicting the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B); and (3) production of obscene visual representations of the sexual abuse of children in violation of 18 U.S.C. § 1466A(a)(1). Teague was convicted on all three counts, but he does not challenge the third count here. Teague was sentenced to 230 months' custody on Count 1 and 120 months' custody on Count 2, the sentences to run concurrently.

## STANDARD OF REVIEW

We review Teague's double jeopardy claim for plain error because he raised it for the first time on appeal. *See United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008) ("Although we normally review de novo claims of double jeopardy violations, we review issues, such as the present one, not properly raised before the district court for plain error." (citation omitted)). Under plain error review, the convictions must be affirmed unless: "(1) there has been an error in the proceedings below; (2) that error was plain; (3) it affected substantial rights; and (4) it seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.*

## DISCUSSION

Teague argues that he is being punished twice for the same conduct in violation of the Double Jeopardy Clause, because possession (Count 2) is a lesser included offense of receipt (Count 1). As discussed below, the receipt count was

plainly based on the computer files. Teague's appeal therefore turns on the basis for the possession conviction.

## I.

The Fifth Amendment's Double Jeopardy Clause protects a defendant from being punished twice for a single criminal offense. *See* U.S. Const. amend. V. "When a defendant has violated two different criminal statutes, the double jeopardy prohibition is implicated when both statutes prohibit the same offense or when one offense is a lesser included offense of the other." *Davenport*, 519 F.3d at 943.

Possession of child pornography is a lesser included offense of receipt of child pornography because a person who has received child pornography has also, by definition, possessed it. *See id.* at 947. "Therefore, while the Government can indict and prosecute a defendant for both receipt and possession of child pornography, entering judgment of conviction for both is multiplicitous and constitutionally impermissible when based on the same conduct." *Overton*, 573 F.3d at 695. On the other hand, "where separate conduct supports each offense, the Fifth Amendment's Double Jeopardy Clause is not implicated." *Id.*

## II.

The government maintains that the Double Jeopardy Clause is not implicated here because the receipt count is based on the computer files and the possession count is based on the CD files. If so, the convictions are not multiplicitous. *See United States v. Schales*, 546 F.3d 965, 980 (9th Cir. 2008) ("[T]here would have been no double jeopardy violation if the government had distinctly charged Schales

with both receipt . . . for the images that he downloaded from the internet and with possession . . . for the images that he transferred to and stored on compact discs.").

*Schales* sets out the framework for double jeopardy claims like Teague's and, as here, involved child pornography stored on a computer and CDs. We explained that, "where a defendant has stored sexually explicit images in separate medi[a]," such as on a hard drive and CDs, "the government may constitutionally charge that defendant with separate counts for each type of material or media possessed." *Id.* at 979. The government did not do so in *Schales*. "Instead, the indictment charge[d] Schales with receipt of the material by way of downloading it from the internet onto his computer and possession of this material *in the same medium*." *Id.* at 980 (emphasis added). Schales could have been charged with possession and receipt in different media. Because he was not, however, his convictions were multiplicitous.

The indictment here charged Teague with receipt based on the computer files and with possession based on both the computer files and the CD files. Specifically, Count 1 charged that Teague received child pornography from the Internet using a computer and modem between 2004 and 2005.[1] Count 1 made no mention of compact discs and did

---

[1] Count 1 charged that Teague:

> beginning on an unknown date no later than on or about March 5, 2004 and continuing through on or about November 30, 2005, in Kern County, within the State and Eastern District of California, and elsewhere did knowingly receive and distribute any visual depiction that had been mailed, shipped, or transported in interstate or foreign commerce, or which contained

not specify 2002–03 as the time frame during which the CD files were created. Count 2, by contrast, charged that Teague possessed child pornography "on an internal computer hard disc drive *and on one or more digital videos and/or compact discs*" between 2001 and 2005.**[2]**

The indictment is an improvement on *Schales* to the extent it charged possession in a medium (CDs) for which it did not charge receipt. That the government charged separate

---

materials that had been so mailed, shipped, or transported, and the producing of the depiction involved a minor engaging in sexually explicit conduct and was of such conduct, specifically: the defendant, using a computer and modem, received or distributed via the internet and interstate commerce, at least one visual depiction, which the defendant then knew, was a visual depiction, the producing of which involved the use of a minor engaged in sexually explicit conduct . . . .

**[2]** Count 2 charged that Teague:

beginning on an unknown date no later than on or about December 2001 and continuing to on or about November 30, 2005, in Kern County, within the State and Eastern District of California, and elsewhere did knowingly possess 1 or more matters which contained any visual depiction that had been mailed, shipped, or transported in interstate or foreign commerce, or which was produced using materials which had been so mailed, shipped, or transported, the producing of which involved a minor engaging in sexually explicit conduct and the depiction was of such conduct, specifically: the defendant possessed on an internal computer hard disc drive and on one or more digital videos and/or compact discs at least one image file which contained a visual depiction, the producing of which involved the use of a minor engaged in sexually explicit conduct . . . .

conduct, however, does not mean that the jury based its convictions on separate conduct. Both counts referred to the computer files so, in theory, the jury could have convicted under both counts based solely on the files on Teague's computer, in violation of the Double Jeopardy Clause. Of course, it is also possible that the jury found receipt based on the files on the computer and found possession based, at least in part, on the files on the CDs.

The conjunctive phrasing of the indictment created the possibility of multiplicitous convictions, and neither the government nor the district court did anything to remove that possibility. On the contrary, the jury was not instructed that it had to find separate conduct, the jury delivered a general – rather than special – verdict and the government argued in closing that the computer files supported the possession conviction. The district court's entry of judgment on both counts, absent some assurance that the convictions were based on separate conduct, was error.

## III.

Next we must determine whether the error requires reversal. To prevail on plain error review, Teague must show "(1) there has been an error in the proceedings below; (2) that error was plain; (3) it affected substantial rights; and (4) it seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Davenport*, 519 F.3d at 943. The first two requirements are clearly met. An error is plain when it is "clear" or "obvious" under the law. *United States v. Olano*, 507 U.S. 725, 734 (1993). Disregard of the separate conduct requirement was a plain error.

Teague, however, has not satisfied the third requirement – that the error affected substantial rights. "[I]n most cases [this requirement] means that the error must have been prejudicial:  It must have affected the outcome of the district court proceedings."  *Id.*  Although we have not expressly considered the circumstances under which the failure to ensure that convictions were based on separate conduct is prejudicial, we have considered the analogous situation where a district court omits a necessary offense element from its jury instructions.

A district court's failure to instruct on a necessary offense element "does not always 'affect' a defendant's substantial rights and . . . the failure to submit an element to the jury is not *per se* prejudicial."  *United States v. Alferahin*, 433 F.3d 1148, 1157 (9th Cir. 2006).  Specifically, such an error affects substantial rights when "there is a reasonable probability the jury's verdict would have been different" had the jury been properly instructed.  *United States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011); *see also United States v. Tuyet Thi-Bach Nguyen*, 565 F.3d 668, 677 (9th Cir. 2009) (holding that failure to submit an element to the jury was not prejudicial because the element had been established by "overwhelming evidence"); *United States v. Smith*, 282 F.3d 758, 767–68 (9th Cir. 2002) (holding that, because an element erroneously omitted from jury instructions was undisputed, the instructional error did not affect substantial rights).  We may consider facts logically implied by the fact of conviction when evaluating whether an error is prejudicial.  *See United States v. Baldwin*, 987 F.2d 1432, 1439 (9th Cir. 1993) (holding that a conviction of aiding and abetting was the functional equivalent of a factual finding that the omitted element had been satisfied).

Not instructing on an offense element is analogous to not instructing on separate conduct, so we adopt the same prejudice standard here. We hold that a failure to instruct on separate conduct affects substantial rights when there is a reasonable probability that the jury would not have convicted on both counts had it been properly instructed.[3]

Applying this framework, we hold that the court's failure to give a separate conduct instruction or otherwise assure itself the separate conduct requirement had been satisfied was not prejudicial given the overwhelming evidence that Teague possessed the CD files. The indictment separately charged Teague with possessing the CD files. The CDs were found in a briefcase along with receipts made out to him, documents addressed to him and documents signed by him. The briefcase was underneath the desk on which the computer Teague used to download child pornography was located. The CDs contained benign photos of Teague and his family, sexually explicit photos of Teague and explicit child pornographic images that had been digitally altered to include Teague. Moreover, there was unrefuted evidence that photos on the CDs were taken with the digital camera that agents found in Teague's closet. Teague did not contest any of these facts.

Teague's only defense at trial was that someone else had committed the crimes he was charged with committing. He pointed out that others had access to the computer and that

---

[3] An instruction on separate conduct would have prevented the error in this case so we apply the prejudice standard for an omitted jury instruction here. That is not to say, however, that it is the only means by which the district court could have assured itself that the convictions were based on separate conduct.

two of his step-grandsons had used it frequently. That the jury convicted Teague of receiving child pornography on his computer means it conclusively rejected his defense, thereby also eliminating any doubt that Teague possessed the CDs found in his briefcase just a few feet away.

In sum, the district court should have assured itself the separate conduct requirement was satisfied. It could have done so here by giving a jury instruction or by some other means such as by providing the jury with a special verdict form to list which files supported each conviction. Failure to employ any such means was error, but it caused Teague no prejudice. Teague was convicted of receiving child pornography on his computer and the overwhelming evidence shows that he also possessed child pornography in a different medium – the CDs in his briefcase. Accordingly, we hold that the error did not affect Teague's substantial rights.

**AFFIRMED**.