**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10294 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00165-AWI-1 |
| v. | |
| ALBERT GARZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted January 14, 2014
San Francisco, California

Before: TALLMAN and IKUTA, Circuit Judges, and O'CONNELL, District
Judge.[**]

Albert Garza appeals his conviction and sentence on child pornography

charges. In a concurrently filed opinion we address his competency argument.

Here, we address his remaining challenges:

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

[**] The Honorable Beverly Reid O'Connell, United States District Judge
for the Central District of California, sitting by designation.

The district court did not plainly err by entering judgment on both counts of his conviction in violation of the Double Jeopardy Clause. This case is materially indistinguishable from United States v. Teague, 722 F.3d 1187, 1192 (9th Cir. 2013). Because we reject this challenge to Garza's conviction, we also reject the dependent challenge to Garza's sentence.

Nor did the district court plainly err by awarding Garza a two-level "distribution" enhancement under § 2G2.2(b)(3)(F) or by not giving Garza a two-level reduction under § 2G2.2(b)(1) for, essentially, not distributing. A district court can't commit plain error when there is no binding precedent to guide it and the circuits are split. United States v. Olano, 507 U.S. 725, 734 (1993). Garza admits that there was[1] no binding precedent on this issue and that the circuits are split. Accordingly, Garza can't show plain error.

Finally, we accept one of Garza's challenges to special condition of supervised release #7. Garza argues that the condition's use of the phrase "sexually explicit" makes it overbroad. We rejected this argument in United States v. Daniels, 541 F.3d 915, 927 (9th Cir. 2008), and we reject it again here. Garza also argues that the condition's use of the word "frequent" makes it overbroad.

---

[1] We have since decided the relevant point adversely to Garza's position. See United States v. Vallejos, 742 F.3d 902 (9th Cir. 2014).

2

He's right.  Conditions of supervised release are permissible only if they "involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." United States v. Goddard, 537 F.3d 1087, 1089 (9th Cir. 2008).  Because special condition #7 would prohibit Garza from visiting any gas station or grocery store that sold adult magazines, it's impermissibly overbroad.

Accordingly, we vacate only the judgment as it pertains to supervised release and remand with instructions that special condition #7 be modified.

AFFIRMED in part, VACATED in part, and REMANDED.