**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>v.<br><br>MICHAEL J. CARROLL, AKA<br>tobor11313@yahoo.com,<br><br>        Defendant - Appellant. | No. 14-30117<br><br>D.C. No. 3:12-cr-00021-RRB-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted August 13, 2015
Anchorage, Alaska

Before: SCHROEDER, RAWLINSON, and MURGUIA, Circuit Judges.

A jury found Michael Carroll guilty of one count of advertising child

pornography, in violation of 18 U.S.C. §§ 2251(d)(1)(A), (e), and two counts of

distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1).

The district court sentenced Carroll to a total term of imprisonment of twenty-six

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

years, which included 180 months on the advertising count and 132 months for each distribution count. Carroll appeals his sentence on all counts. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Carroll argues that the district court erred by imposing an obstruction of justice enhancement under U.S.S.G. § 3C1.1 without making explicit findings of willfulness or materiality. Because Carroll did not object to this enhancement in the district court, we review for plain error. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 746–47 (9th Cir. 2011). Under that standard of review, even assuming that the district court plainly erred, reversal is not warranted because Carroll's substantial rights were not affected. *See United States v. Teague*, 722 F.3d 1187, 1190 (9th Cir. 2013). The maximum offense level under the Guidelines is 43. *See* U.S.S.G. Ch. 5, Pt. A. Without the two-point obstruction of justice enhancement, Carroll's adjusted total offense level would have been 47, which still would have been treated as an offense level of 43 under the Guidelines. *See id.* cmt. n.2.

2.     Carroll also argues that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Carroll's sentence. *See Gall v. United States*, 552 U.S. 38, 49–51 (2007). The district court permissibly based its sentencing decision on the evidence before it, the statements of counsel

2

and Carroll, and the sentencing factors set forth in 18 U.S.C. § 3553(a). Carroll's twenty-six year sentence, which is forty-four years below the statutory maximum and fourteen years below the Government's recommendation, is substantively reasonable under the totality of the circumstances. *See Gall*, 552 U.S. at 49–51.

**AFFIRMED.**