**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10027 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-00116-HDM |
| v. | |
| MANISH SHARMA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted October 23, 2017[**]

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Manish Sharma appeals from the district court's judgment and challenges

the eight-month sentence imposed upon revocation of supervised release.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sharma contends that the district court violated the prohibition against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

double jeopardy by imposing the eight-month sentence based, in part, on two positive drugs tests for which he had already been sanctioned with three days in jail. We review for plain error. *See United States v. Teague*, 722 F.3d 1187, 1190 (9th Cir. 2013). Even assuming the district court erred, Sharma has not shown that the error affected his substantial rights. *Id.* at 1192-93.

Sharma also contends that the district court procedurally erred by failing to consider the need to promote rehabilitation and by relying on unsupported assumptions regarding his drug-related conduct when deciding what sentence to impose. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there was none. The record reflects that the district court considered Sharma's capacity for rehabilitation but concluded that, in light of his drug relapse, a term of imprisonment was necessary in order to protect the public. Moreover, Sharma has not shown that the district court relied on any clearly erroneous facts in imposing the sentence. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record."). Finally, the eight-month, within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

17-10027