**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALCEU JOHNNY ANDREIS,

Defendant-Appellant.

No.    17-50112

D.C. No.
2:14-cr-00442-DSF-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted March 2, 2020[**]
Pasadena, California

Before:  KLEINFELD and CALLAHAN, Circuit Judges, and CHRISTENSEN,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Dana L. Christensen, United States Chief District Judge for the District of Montana, sitting by designation.

Alceu Johnny Andreis was convicted of two counts of bank burglary and sentenced to 240 months in prison (120 months on each count to be served consecutively) followed by a three-year term of supervised release. On appeal, he challenges his convictions and his sentence. For the following reasons, we affirm.

1. Usually, under the extrajudicial source rule, "[o]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" do not constitute a basis for a recusal motion unless "they display a deep-seated . . . antagonism that would make fair judgment impossible." *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997) (per curiam) (internal quotation marks omitted) (quoting *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)). None of the district court's rulings against Andreis in his prior trial display this level of antagonism. Nor do any of her comments about Andreis made at his prior sentencing, which have a reasonable basis in Andreis's own testimony made during that proceeding. Moreover, these comments were made during sentencing at which time the district court was required under 18 U.S.C. § 3553(a) to consider "the history and characteristics of the defendant" and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant . . . ." Therefore, it was not an abuse of

discretion to deny Andreis's recusal motion. *See United States v. Johnson*, 610 F.3d 1138, 1147–48 (9th Cir. 2010).

2. The district court's decision to admit evidence and its balancing of probative value against prejudicial effect are reviewed for abuse of discretion. *United States v. Flores-Blanco*, 623 F.3d 912, 919 n.3 (9th Cir. 2010); *United States v. Kessi*, 868 F.2d 1097, 1107 (9th Cir. 1989). But, we "consider[ ] de novo whether evidence is directly relevant to the crime charged or relevant only to 'other crimes.'" *United States v. Rrapi*, 175 F.3d 742, 748 (9th Cir. 1999) (quoting *United States v. Jackson*, 84 F.3d 1154, 1158–59 (9th Cir. 1996)). Under Rule 404(b)(1) of the Federal Rules of Evidence, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2). And under Rule 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ."

We have held that Rule 404(b) "precludes the admission of prior bad act evidence offered only to show criminal propensity," but "[s]o long as the evidence

3

is offered for a proper purpose, such as to prove intent, the district court is accorded wide discretion in deciding whether to admit the evidence, and the test for admissibility is one of relevance." *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997).

Because the Government's burden to prove every element of a crime beyond a reasonable doubt "is not relieved by a defendant's promise to forgo argument on an issue," Andreis "cannot preclude the government from proving [one element] simply by focusing his defense on other elements of his crime." *United States v. Hadley*, 918 F.2d 848, 852 (9th Cir. 1990). Therefore, Andreis's argument that the 404(b) evidence should not have been admitted for purposes of preparation, plan, or intent because he did not dispute those issues in this case fails.

Moreover, the evidence of other burglaries was offered to prove identity, which is a proper purpose under Federal Rule of Evidence 404(b). So then, the test is whether "the evidence tends to prove a material point" and whether "the evidence is sufficient to support a finding that the defendant committed the other act . . . ." *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005) (internal quotation marks omitted) (quoting *United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 1994)). Such rooftop robberies were rare occurrences and involved a number of very unusual characteristics. And lack of credibility of a cooperating

witness "goes to the weight of the evidence, not its admissibility," *United States v. Hollis*, 490 F.3d 1149, 1153 (9th Cir. 2007), *abrogated on other grounds by DePierre v. United States*, 564 U.S. 70 (2011). It was not an abuse of discretion for the district court to find that this evidence of other burglaries was sufficient to support the verdict that Andreis committed the rooftop burglary at issue in this case. Given the substantial deference we are required to give to the district court's balancing of evidence's prejudicial effect and probative value, we cannot say the district court abused its discretion under Rule 403 by admitting the other-burglaries evidence. *United States v. Lindsay*, 931 F.3d 852, 868 (9th Cir. 2019).

3. Andreis did not object below to the court's failure to instruct the jury as to an expert's dual-capacity testimony, the 404(b) jury instruction that he challenges now, or the court's answer to the note from the jury. Therefore, his claims are reviewed for plain error. *United States v. Teague*, 722 F.3d 1187, 1190 (9th Cir. 2013); *United States v. Hofus*, 598 F.3d 1171, 1175–76 (9th Cir. 2010). This standard requires a showing that (1) there was error, (2) the error was plain, (3) the error affected Andreis's substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Teague*, 722 F.3d at 1190.

5

Even assuming the expert's testimony regarding the holes in the bank vault being made by the same tool was an expert opinion, it was not plain error for the district court to fail to issue a contemporaneous instruction about dual-capacity expert witnesses at the time. It did not affect Andreis's substantial rights—given all the other evidence against him—nor did it affect the fairness, integrity, or public reputation of the judicial proceedings. *Teague*, 722 F.3d at 1190. Therefore, this argument fails.

4. In the context of the other jury instructions, it is unlikely that either the district court's instruction on Rule 404(b) or the district court's response to the jury's question misled the jury. We review the formulation of jury instructions for abuse of discretion. *United States v. Amlani*, 111 F.3d 705, 717 (9th Cir. 1997). Andreis has not shown that the instruction or the response to the jury's question was an abuse of discretion, *id.*, or error, much less that it was plain error. *Hofus*, 598 F.3d at 1175–76.

5. Limitations on the scope of cross-examination are reviewed for abuse of discretion. *United States v. Shryock*, 342 F.3d 948, 980 (9th Cir. 2003). The limitations imposed on Andreis's cross-examinations of Isaia and Soto were reasonable. What is more, the probative aspects of the testimony that was limited

were mostly admitted through other means. Therefore, it was not an abuse of discretion to limit these cross-examinations.

Nor was it an abuse of discretion for the district court below to admonish Andreis's counsel to ask questions of Soto on cross-examination rather than make declarative statements. This is especially true given Soto's statements that he did not understand what Andreis's counsel was asking him.

The "decision to declare a mistrial is left to the 'sound discretion' of the judge, but 'the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes.'" *Renico v. Lett*, 559 U.S. 766, 774 (2010) (quoting *United States v. Perez*, 22 U.S. 579, 580 (1824)). The district court denied Andreis's motion for a mistrial despite Soto's testimony for the first time at trial that he felt Andreis had threatened him. The district court's determination that this single assertion by one of the alleged members of Andreis's crew did not warrant a new trial was reasonable, and the district court therefore did not abuse its discretion by failing to grant a mistrial.

Under *Holbrook v. Flynn*, 475 U.S. 560, 569 (1986), it is possible for the deployment of security officers in a courtroom to create the impression in the jury's minds that a defendant is dangerous or untrustworthy. But the placement of a single marshal in Andreis's vicinity did not rise to the level of denying Andreis a

fair trial.

None of these alleged trial errors constituted clear errors, if indeed they were errors at all. Neither do they individually or cumulatively require a new trial.

6. The Sentencing Guidelines provide for a two-level sentencing enhancement if the defendant used "a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. "[A]s a general rule, a district court's application of the Sentencing Guidelines to the facts of a given case should be reviewed for abuse of discretion." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Here, the district court's application of the enhancement was reasonable. It was not an abuse of discretion to classify Andreis's employment of the tools he used to commit sophisticated rooftop bank robberies as a "special skill."

**AFFIRMED.**