

**NOT FOR PUBLICATION**

**FILED**

AUG 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10050 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 4:17-cr-01063-RM-DTF-1 |
| JOHN HARRY WOOLSEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted August 10, 2020[**]
San Francisco, California

Before: GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.

Defendant John Woolsey challenges his convictions under 18 U.S.C. § 876(c) and 18 U.S.C. § 115(a)(1)(B) on the grounds that the trial judge erred in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

instructing the jury and that his convictions violate the First Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Defendant forfeited his objection to the instruction by not raising it at trial. But he did not affirmatively waive his objection. See United States v. Depue, 912 F.3d 1227, 1232–33 (9th Cir. 2019) (en banc) (discussing forfeiture and waiver). We therefore review for plain error. See Id. ("forfeited claims are reviewed for plain error.").

Assuming, without deciding, that the trial judge erred by not instructing the jury that it must find an objective intent to threaten (as well as a subjective intent to threaten), reversal is not warranted because there is no "reasonable probability the jury's verdict would have been different had the jury been properly instructed." United States v. Teague, 722 F.3d 1187, 1192 (9th Cir. 2013) (internal quotation marks omitted). The government presented "strong and convincing evidence," United States v. Alferahin, 433 F.3d 1148, 1158 (9th Cir. 2006) (internal quotation marks omitted), that "a reasonable person would [have] foresee[n] that [Defendant's] statement would be interpreted by [its recipients] as a serious expression of intent to harm or assault," United States v. Keyser, 704 F.3d 631, 638 (9th Cir. 2012) (internal quotation marks omitted).

2

Defendant wrote in his letter that he was "going to Just kill the Judge and the Prosecutor" and that he was saving money to buy new weapons—specifically, an automatic firearm "with a few extra clips and 100 rounds," "a .308 any make" with "about 500" rounds, "an AR-15 with about 1,000 rounds," "a backup Glock," a "utility knife," and "a crossbow." He also wrote that he would buy a truck or jeep and that he did not need "a vest" because he did "not plan on coming back." The prison officer who first read the letter understood it to be "a letter threatening two people," which led him to refer it for further investigation. The record therefore establishes "the existence of strong and convincing evidence that the missing element of the crime had been adequately proved by the prosecution." Alferahin, 433 F.3d at 1158 (internal quotation marks omitted). Accordingly, any instructional error did not affect Defendant's substantial rights. See United States v. Tuyet Thi-Bach Nguyen, 565 F.3d 668, 677–78 (9th Cir. 2009) (holding that the omission of an element in jury instructions did not affect the defendant's substantial rights because of the "overwhelming evidence" pertaining to the omitted element).[1]

---

[1] Additionally, Defendant's argument that the trial judge's oral instructions misled the jury as to whether the definition of "threat" applied to both

(continued...)

3

2. Reviewing the record in accordance with <u>Planned Parenthood of the Columbia/Willamette, Inc. v. American Coalition of Life Activists</u>, 290 F.3d 1058, 1069–70 (9th Cir. 2002) (en banc), <u>as amended</u> (July 10, 2002), we hold that Defendant's convictions do not violate the First Amendment because the record establishes that Defendant's letter was a "true threat." <u>See</u> <u>Keyser</u>, 704 F.3d at 638 & n.1 (applying the <u>Planned Parenthood</u> framework to a First Amendment challenge to a conviction under 18 U.S.C. § 876(c)). The record establishes that Defendant's letter was objectively a threat because a "reasonable sender" in his position "would [have] forsee[n] that recipients would understand the mailing[] to be [a] threat[]." <u>Id.</u> at 638. The record also establishes that Defendant "made the statements intending that they be taken as a threat." <u>United States v. Bagdasarian</u>, 652 F.3d 1113, 1122 (9th Cir. 2011). Like the defendant in <u>Keyser</u>, Defendant wanted his letter to get attention and he anticipated that federal authorities would contact him as a result. 704 F.3d at 639. It is therefore clear from the record that Defendant meant "'to communicate a serious expression of an intent to commit an act of unlawful violence to a . . . group of individuals.'" <u>Bagdasarian</u>, 622 F.3d at

---

[1](...continued)
Counts I and III, is without merit. The final jury instructions, which the court physically provided to the jury, defined "threat" on a standalone page without connection to any specific statute.

4

1122 (quoting <u>Virginia v. Black</u>, 538 U.S. 343, 359 (2003)).  Accordingly, we hold that Defendant issued a "true threat" and that his convictions do not violate the First Amendment.

**AFFIRMED.**